IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**MERLIN LKENT WILLIAMS**            **PETITIONER**

**v.**            **CAUSE NO. 1:20CV286-LG-RPM**

**BURL CAIN**            **RESPONDENT**

**ORDER ADOPTING REPORT AND RECOMMENDATION
AND GRANTING MOTION TO DISMISS**

**BEFORE THE COURT** is the [31] Report and Recommendation entered by United States Magistrate Judge Robert P. Myers on July 23, 2021. Magistrate Judge Myers reviewed the Respondent's [12] Motion to Dismiss, observing that the habeas corpus petition is untimely and therefore barred by the one-year limitation period established by 28 U.S.C. § 2244(d). Magistrate Judge Myers' determined that dismissal of the habeas corpus petition as time-barred was appropriate because (1) it was filed more than five months past his April 30, 2020, deadline to file for habeas relief, (2) there is no basis for tolling that deadline, and (3) Petitioner was not entitled to relief under the actual innocence exception. The Petitioner filed a [14] Response to the Motion to Dismiss, in which the Respondent filed a [15] Reply. Petitioner filed an objection to the Report and Recommendation on August 10, 2021.

A party that files a timely objection is entitled to a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which specific objection is made. *United States v. Raddatz*, 447 U.S. 667, 673 (1980); 28 U.S.C. § 636(b)(1). The objections must specifically identify those findings or recommendations to which objections are being made. The district court

need not consider frivolous, conclusive, or general objections. *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). Moreover, where the objections are repetitive of the arguments already made to the magistrate judge and the district court finds no error, the court need not make new findings or reiterate the findings of the magistrate judge. *Hernandez v. Livingston*, 495 F. App'x 414, 416 (5th Cir. 2012); *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993).

Williams' Objection does not raise new arguments. Williams' bases his Objection on evidence that he is innocent and was misidentified as the perpetrator of the crime. He also makes blanket assertions that his writ of habeas corpus was timely filed. As noted by Magistrate Judge Myers, Williams did not file a motion for rehearing within "14 days after a decision is handed down on the merits," or April 30, 2019. *See* Miss. R. App. P. 40(a). The statute of limitations for federal habeas relief also began running that date. Thus, Williams was required to file his habeas petition by April 30, 2020. 28 U.S.C. § 2244(d)(1)(A). Williams did not file his federal habeas petition until September 1, 2020, which means his petition is untimely. Moreover, a prisoner's claim of actual innocence does not embody the "rare and exceptional" circumstance necessary to warrant equitable tolling. *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000); *see also Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002). Consequently, Williams' objections are without merit.

The Court has conducted a *de novo* review of Williams objections to the magistrate judge's findings, the record in this case, and relevant law. For the reasons stated in Magistrate Judge Myers' Report and Recommendation, the

defendants' Motion to Dismiss will be granted and Williams' claims will be dismissed as time-barred.  *See* 28 U.S.C. § 2244(d).

  **IT IS THEREFORE ORDERED AND ADJUDGED** that the [31] Report and Recommendation entered by United States Magistrate Judge Robert P. Myers on July 23, 2021, is hereby **ADOPTED** as the opinion of this Court.

  **IT IS FURTHER ORDERED AND ADJUDGED** that the [12] Motion to Dismiss filed by Respondent is **GRANTED**.  The petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE**.

  **SO ORDERED AND ADJUDGED** this the 17th day of August, 2021.

            s/ *Louis Guirola, Jr.*
            LOUIS GUIROLA, JR.
            UNITED STATES DISTRICT JUDGE